In re AMERICAN INVESTORS LIFE INSURANCE CO. ANNUITY MARKETING AND SALES PRACTICES LITIGATION

No. MDL–1712.

Judicial Panel on Multidistrict Litigation.

Oct. 25, 2005.

Before WM. TERRELL HODGES, Chairman, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, Jr., KATHRYN H. VRATIL and DAVID R. HANSEN,* Judges of the Panel.

### TRANSFER ORDER

WM. TERRELL HODGES, Chairman.

This litigation currently consists of five actions in the Eastern District of Pennsylvania and one action each in the Central District of California and the District of Kansas as listed on the attached Schedule A.[1] Before the Panel is a motion, pursuant

---

* Judge Hansen took no part in the decision of this matter.

1. The Panel has been notified of two related actions in the Middle District of Florida and two related actions in the Eastern District of Pennsylvania. These actions and any other related actions will be treated as potential tag-along actions. See Rules 7.4 and 7.5,

to 28 U.S.C. § 1407, brought by defendants American Investors Life Insurance Co., Inc.; Creative Marketing International Corp.; AmerUs Annuity Group Co.; AmerUs Life Insurance Co.; and AmerUs Group Co. (collectively AmerUs) for coordinated or consolidated pretrial proceedings of these actions in the Eastern District of Pennsylvania. Five defendants named in the Eastern District of Pennsylvania actions join in the motion for transfer.[2] Plaintiffs in the five Eastern District of Pennsylvania actions also support the motion. Plaintiffs in the District of Kansas action support the motion, but suggest the District of Kansas as the more appropriate transferee forum. Plaintiffs in the Central District of California action and a noticed action pending in the Southern District of California support centralization of all identified actions in the Central District of California or another federal district in California. Plaintiff in a Middle District of Florida potential tag-along action also supports this approach or, in the alternative, centralization of the MDL–1712 actions in the Middle District of Florida. Plaintiff in the other Middle District of Florida potential tag-along action does not object to transfer of her action under Section 1407, but emphasizes that differences among the actions will need to be addressed in the transferee court.

■ On the basis of the papers filed and hearing session held, the Panel finds that these seven actions involve common questions of fact, and that centralization under Section 1407 in the Eastern District of Pennsylvania will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions share allegations that the defendants are and were involved in the improper marketing of estate or financial planning services to senior citizens solely to obtain financial information in order to target prospective purchasers of deferred annuities, and then sell them deferred annuities, regardless of whether deferred annuities were suitable for those persons. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery; prevent inconsistent pretrial rulings, especially with respect to class certification; and conserve the resources of the parties, their counsel and the judiciary.

■ In concluding that the Eastern District of Pennsylvania is an appropriate forum for this docket, we observe that five MDL–1712 constituent actions are already proceeding apace in this district, including three that have been pending nearly a year longer than those filed outside this district. Indeed, the judge to whom we are assigning this litigation has already developed familiarity with the issues present in this docket as a result of presiding over motion practice and other pretrial proceedings in the actions pending before her for the past year.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Eastern District of Pennsylvania are transferred to the Eastern District of Pennsylvania and, with the consent of that

R.P.J.P.M.L., 199 F.R.D. 425, 435–36 (2001). Plaintiffs in the Central District of California action have also notified the Panel of five additional actions pending in federal districts in California and one additional action pending in the District of Hawaii, which are also encompassed by a new motion for transfer under Section 1407 brought by most of the plaintiffs in these California federal actions. This motion will be considered in due course.

2. Brian J. Newmark; Estate Planning Advisors Corp.; BEN Consulting Corp.; Funding & Financial Services, Inc.; and Victoria L. Larson.

court, assigned to the Honorable Mary A. McLaughlin for coordinated or consolidated pretrial proceedings with the actions listed on Schedule A and pending in that district.

### SCHEDULE A

*MDL–1712—In re American Investors Life Insurance Co. Annuity Marketing and Sales Practices Litigation*

*Central District of California*

*Edward A. Inferrera, et al. v. AmerUs Life Insurance Co., et al.,* C.A. No. 2:05–2617

*District of Kansas*

*Glen Studley, et al. v. American Investor Life Insurance Co., Inc.,* C.A. No. 5:05–4051

*Eastern District of Pennsylvania*

*Walter B. Gilmour, et al. v. Barry O. Bohmueller, et al.,* C.A. No. 2:04–2535

*Beryl Price, et al. v. AmerUs Group Co., et al.,* C.A. No. 2:04–3329

*George J. Miller v. AmerUs Group Co., et al.,* C.A. No. 2:04–3799

*Harcourt N. Trimble, III, etc. v. Brett B. Weinstein, et al.,* C.A. No. 2:05–2101

*Richard Stein, et al. v. AmerUs Group Co., et al.,* C.A. No. 2:05–2391